1  KOBRE & KIM LLP
   DAVID H. MCGILL (appearance *pro hac vice*)
2  (david.mcgill@kobrekim.com)
   DANIEL A. ZAHEER (Bar. No. 237118)
3  (daniel.zaheer@kobrekim.com)
   150 California Street, 19th Floor
4  San Francisco, CA 94111
   Telephone: (415) 582-4800
5  Facsimile: (415) 582-4811

6  Attorneys for Defendant
   PICSART, INC.
7

8            **UNITED STATES DISTRICT COURT**
             **NORTHERN DISTRICT OF CALIFORNIA**
9               **SAN FRANCISCO DIVISION**

10

11 | VISUAL SUPPLY COMPANY, a Delaware corporation | Case No. 3:19-CV-01831-WHO |

12           Plaintiff,                 **DEFENDANT PICSART, INC.'S**
                                        **MOTION TO COMPEL**
13      vs.                             **ARBITRATION PURSUANT TO 9**
                                        **U.S.C. § 3, AND MOTION TO**
14 PICSART, INC., a Delaware corporation, **DISMISS PURSUANT TO FED. R.**
                                        **CIV. P. 12(B)(6) AND 12(B)(1)**
15           Defendant.
                                        Honorable William H. Orrick
16                                      Hearing Date: August 21, 2019 2:00pm
                                        Courtroom: 2
17

18

19

20

21

22

23

24

25

26

27

28

1
2

# TABLE OF CONTENTS

I.    INTRODUCTION & SUMMARY OF ARGUMENT ............................................................ 1

II.    FACTUAL BACKGROUND ........................................................................................... 2

   A.    The Parties ........................................................................................................... 2

   B.    VSCO's Terms of Use ........................................................................................ 2

   C.    The Complaint ..................................................................................................... 3

III.    APPLICABLE LEGAL STANDARDS ......................................................................... 4

   A.    The Federal Arbitration Act ............................................................................... 4

   B.    Applicable Federal Rules ................................................................................... 5

IV.    ARGUMENT ................................................................................................................. 6

   A.    VSCO Must Arbitrate The Dispute Raised By Its Complaint. ........................... 6

      1.    VSCO's pursuit of equitable relief does not necessitate litigation. ................. 8

      2.    VSCO lacks standing to seek injunctive relief. ............................................. 10

      3.    At a minimum, the Court should stay any discrete issues requiring litigation ............. 11

   B.    VSCO's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Rule 12(b)(6). ........................................................................................................... 12

      1.    VSCO's false advertising claims warrant dismissal for failure to plead false, material, deceptive, or damaging statements. .......................................................... 12

      2.    VSCO's breach of contract claim (Count II) fails to adequately allege damages. ....... 17

      3.    VSCO's good faith and fair dealing claim (Count III) fails to allege bad faith. ........... 18

      4.    VSCO's unfair competition claim (Count IV) is redundant of its legal claims and fails to allege that PicsArt's conduct was unlawful, unfair, or fraudulent. ........................ 19

   C.    If the Court Dismisses the Section 1125(a) Claim (Count I), It Should Remand the Complaint to State Court for Lack of Subject Matter Jurisdiction. ................................. 21

V.    CONCLUSION ............................................................................................................. 22

ii.

1

2

## TABLE OF AUTHORITIES

### CASES

3

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
356 F. Supp. 3d 889 (N.D. Cal. 2018) ............................................................................12, 15

4

5

*Aguilera v. Pirelli Armstrong Tire Corp.*,
223 F.3d 1010 (9th Cir. 2000) ................................................................................................ 17

*Appliance Recycling Ctrs. of Am., Inc. v. JACO Envtl., Inc.*,
6

378 Fed. App'x 652 (9th Cir. 2010) ................................................................................ 13-14, 15

7

*Arbaugh v. Y&H Corp.*,
8

546 U.S. 500 (2006) ................................................................................................................ 6

9

*Ashbey v. Archstone Prop. Mgmt., Inc.*,
785 F.3d 1320 (9th Cir. 2015) ................................................................................................. 5

10

*Ashcroft v. Iqbal*,
11

556 U.S. 662 (2009) .........................................................................................................5, 10, 15

12

*Bates v. UPS*,
511 F.3d 974 (9th Cir. 2007) .................................................................................................. 10

13

*Belluomini v. Citigroup, Inc.*,
14

No. 13-CV-01743-CRB, 2013 WL 3855589 (N.D. Cal. July 24, 2013) ........................... 18

15

*Boston Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*,
278 F. Supp. 2d 1041 (N.D. Cal. 2003) .................................................................................. 5

16

*Campos v. JPMorgan Chase Bank, NA*,
17

Case No.18-cv-06169-JSC, 2019 WL 827634 (N.D. Cal. Feb. 21, 2019) ......................... 8

18

*Carnegie-Mellon Univ. v. Cohill*,
484 U.S. 343 (1988) .............................................................................................................. 21

19

*Castillo v. Wells Fargo Bank, N.A.*,
20

No. C-15-2353-MMC, 2015 WL 13425101 (N.D. Cal. July 17, 2015) ............................. 9

21

*Castrol, Inc. v. Pennzoil Co.*,
987 F.2d 939 (3d Cir. 1993) .................................................................................................. 14

22

*Celador Int'l Ltd. v. Walt Disney Co.*,
23

347 F. Supp. 2d 846 (C.D. Cal. 2004) .................................................................................. 18

24

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
973 P.2d 527 (Cal. 1999) ...................................................................................................... 20

25

*Colgate v. JUUL Labs, Inc.*,
26

345 F. Supp. 3d 1178 (N.D. Cal. 2018) ...............................................................................5-6

27

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ................................................................................................ 7

28

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*,
911 F.2d 242 (9th Cir. 1990) ........................................................................................13, 14

*Curley v. Wells Fargo & Co.*,
Case No. 13-cv-03805 NC, 2014 WL 988618 (N.D. Cal. Mar. 10, 2014).......................... 18

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (Cal. Ct. App. 2007) ................................................................... 20

*DocMagic, Inc. v. Ellie Mae, Inc.*,
745 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................................ 13

*Drenckhahn v. Costco Wholesale Corp.*,
No. 2:08-CV-01408-JHN, 2011 WL 3754659 (C.D. Cal. Aug. 24, 2011) ........................... 8

*Durkee v. Ford Motor Co.*,
No. C 14-0617-PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ................................... 19

*E&B Nat. Res. Mgmt. Corp. v. Cty. of Alameda*,
No. 18-CV-05857-YGR, 2019 WL 1585637 (N.D. Cal. Apr. 12, 2019) ............................... 6

*E. El Paso Physicians' Med. Ctr., LLC v. Aetna Health Inc.*,
No. EP-16-CV-44-KC, 2017 WL 876313 (W.D. Tex. Mar. 2, 2017) .................................... 9

*Escobar v. Brewer*,
461 F. App'x 535 (9th Cir. 2011) ..................................................................................... 10

*ESG Capital Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ............................................................................................ 5

*Ferrari v. Mercedes Benz USA, LLC*,
Case No. 17-CV-00018-YGR, 2019 WL 2103438 (N.D. Cal. May 14, 2019) .................. 17

*Franklin v. Gwinnett Cty. Pub. Sch.*,
503 U.S. 60 (1992).............................................................................................................. 8

*Gautier v. General Tel. Co.*,
234 Cal.App.2d 302 (Cal.Ct.App.1965) ........................................................................... 17

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991).......................................................................................................... 4-5

*Gore v. Alltel Commc'ns, LLC*,
666 F.3d 1027 (7th Cir. 2012) ............................................................................................ 9

*Graham v. Bank of Am., N.A.*,
226 Cal. App. 4th 594 (Cal. App. Ct. 2014)...................................................................... 20

*Granite Rock Co. v. Int'l Broth. of Teamsters*,
561 U.S. 287 (2010)......................................................................................................... 11

*Gray v. Conseco, Inc.*,
No. SA-CV-00-322-DOC (EEX), 2000 WL 1480273 (C.D. Cal. Sept. 29, 2000) ............. 11

iv.

*Gustavson v. Wrigley Sales Co.*,
961 F. Supp. 2d 1100 (N.D. Cal. 2013) .................................................................. 16

*Hadley v. Kellogg Sales Co.*,
273 F. Supp. 3d 1052 (N.D. Cal. 2017) .................................................................. 16

*Harrell v. 20th Century Ins. Co.*,
934 F.2d 203 (9th Cir. 1991) .................................................................................. 21

*Harvey v. Joyce*,
199 F.3d 790 (5th Cir. 2000) .................................................................................... 9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
139 S. Ct. 524 (2019)........................................................................................... 6-7

*Homestake Lead Co. v. Doe Run Res. Corp.*,
282 F. Supp. 2d 1131 (N.D. Cal. 2003) .................................................................... 7

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................... 17

*In re Ford Tailgate Litig.*,
No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Aug. 8, 2014)....................9, 19

*Jonathan Neil & Assocs., Inc. v. Jones*,
33 Cal. 4th 917 (Cal. 2004) .................................................................................... 18

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .................................................................................. 6

*Kennedy Funding, Inc. v. Chapman*,
No. C-09-01957 RS, 2010 WL 2528729 (N.D. Cal. June 18, 2010) ........................ 9

*Kenseth v. Dean Health Plan*,
722 F.3d 869 (7th Cir. 2013) .................................................................................. 10

*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) .................................................................................. 5

*Kwikset Corp. v. Superior Court*,
246 P.3d 877 (Cal. 2011) ........................................................................................ 16

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
114 F. Supp. 3d 852 (N.D. Cal. 2015) .................................................................... 20

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
No. 18-CV-07274-MMC, 2019 WL 1170779 (N.D. Cal. Mar. 13, 2019) .......................... 15

*Lesson v. Transamerica Disability Income Plan*,
671 F.3d 969 (9th Cir. 2012) .................................................................................... 6

*Lewis v. UBS Fin. Servs.*,
818 F. Supp. 2d 1161 (N.D. Cal. 2011)..................................................................... 8

v.

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)................................................................................................ 10

*Moss v. Infinity Ins. Co.*,
197 F. Supp. 3d 1191 (N.D. Cal. 2016) ................................................................. 19

*Mullins v. Premier Nutrition Corp.*,
No. 13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) ..............8, 19

*Munro v. Univ. of S. Cal.*,
896 F.3d 1088 (9th Cir. 2018) ............................................................................... 5

*Native Am. Arts, Inc. v. Specialty Merch. Corp.*,
451 F. Supp. 2d 1080 (C.D. Cal. 2006) ............................................................... 10

*Netlist, Inc. v. Diablo Techs., Inc.*,
No. 13-CV-5962 YGR, 2015 WL 1887261 (N.D. Cal. Apr. 24, 2015) ................ 8

*Newcal Indus. v. Ikon Office Solution*,
513 F.3d 1038 (9th Cir. 2008) ............................................................................. 13

*Philips v. Ford Motor Co.*,
No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015)............... 11

*Phillips v. Apple Inc.*,
No.15-CV-04879-LHK, 2016 WL 5846992 (N.D. Cal. Oct. 6, 2016) ............... 16

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
388 U.S. 395 (1967).............................................................................................. 7

*Progressive W. Ins. Co. v. Superior Court*,
135 Cal. App. 4th 263 (Cal. App. Ct. 2005) ....................................................... 20

*Ragland v. U.S. Bank Nat'l Assn.*,
209 Cal. App. 4th 182 (Cal. Ct. App. 2012) ....................................................... 18

*Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*,
715 F. Supp. 2d 1079 (E.D. Cal. 2010) ............................................................... 18

*Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*,
816 F. Supp. 213 (S.D.N.Y. 1993) ........................................................................ 9

*Republic of Nicaragua v. Standard Fruit Co.*,
937 F.2d 469 (9th Cir. 1991) ................................................................................. 5

*Rhynes v. Stryker Corp.*,
No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) .................. 19-20

*Rudgayzer v. Yahoo! Inc.*,
No. 5:12-CV-01399-EJD, 2012 WL 5471149 (N.D. Cal. Nov. 9, 2012)............ 17

*Saari v. Smith Barney, Harris Upham & Co.*,
968 F.2d 877 (9th Cir. 1992) .............................................................................4-5

*Sanchez v. Gruma Corp.*,
Case No. 19-cv-00794-WHO, 2019 WL 1545186 (N.D. Cal. Apr. 9, 2019) ....................... 8

*Simula, Inc. v. Autoliv, Inc.*
175 F.3d 716 (9th Cir. 1999) ............................................................................................. 7

*Southland Sod Farms v. Stover Seed Co.*,
108 F.3d 1134 (9th Cir. 1997) ........................................................................... 13, 14, 15

*Sparling v. Hoffman Constr. Co.*,
864 F.2d 635 (9th Cir. 1988) ............................................................................................ 8

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ..................................................................................... 10-11

*SuccessFactors, Inc. v. Softscape, Inc.*,
544 F. Supp. 2d 975 (N.D. Cal. 2008) ........................................................................ 12-13

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009) ........................................................................................................ 10

*Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*,
368 F.3d 1053 (9th Cir. 2004) ........................................................................................ 7-8

*Thomas v. State Farm Mut. Auto. Ins. Co.*,
No. C15-00509-CRB, 2015 WL 1544244 (N.D. Cal. Apr. 2, 2015) ................................. 12

*Transfresh Corp. v. Ganzerla & Assoc.*,
862 F. Supp. 2d 1009 (N.D. Cal. 2012) ........................................................................... 12

*Tun v. Wells Fargo Dealer Servs., Inc.*,
5 Cal. App. 5th 309 (Cal. Ct. App. 2016) ........................................................................ 16

*Ulbrich v. Overstock.com, Inc.*,
887 F. Supp. 2d 924 (N.D. Cal. 2012) ............................................................................... 7

*Venclose Inc. v. Covidien Holding, Inc.*,
No. 16-CV-07372-EJD, 2017 WL 3335984 (N.D. Cal. Aug. 4, 2017) ............................... 6

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 5

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ........................................................................................... 6

*Whitworth v. SolarCity Corp.*,
336 F. Supp. 3d 1119 (N.D. Cal. 2018) ........................................................................... 11

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ........................................................................................... 16

*Wolsey, Ltd. v. Foodmaker, Inc.*,
144 F.3d 1205 (9th Cir. 1998) ........................................................................................... 5

vii.

*Zhang v. Superior Court*,
304 P.3d 163 (Cal. 2013) ................................................................................................ 20

**Federal Statutes**

15 U.S.C. § 1125(a) ................................................................................................... vii, 1

9 U.S.C. § 2 ......................................................................................................................... 5

9 U.S.C. § 3 ......................................................................................................................... 7

**State Statutes**

Cal. Bus & Prof. Code § 17500 ..................................................................................... 4,16

Cal. Bus. & Prof. Code § 17200 .......................................................................... 1–2, 4, 20

**Federal Rules**

Fed. R. Civ. P. 8 ................................................................................................................ 12

Fed. R. Civ. P. 9(b). ............................................................................................... 5, 12, 15

Fed. R. Civ. P. 12(b)(1). ............................................................................................ ix, 2, 6

Fed. R. Civ. P. 12(b)(6). .................................................................................... ix, 1, 5, 12, 14

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 21, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, Courtroom of the Honorable William H. Orrick, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 2, 17th Floor, Defendant PicsArt, Inc. ("PicsArt") hereby moves this Court for an order in the above-captioned action dismissing Plaintiff Visual Supply Company ("VSCO")'s Complaint in aid of arbitration pursuant to Section 3 of the Federal Arbitration Act ("FAA"). In the alternative, PicsArt respectfully moves to dismiss Counts I through V of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to dismiss Counts II−V, as well as VSCO's prayer for injunctive relief, for lack of jurisdiction under Rule 12(b)(1).

**STATEMENT OF ISSUES TO BE DECIDED**

1. Should the Court dismiss the Complaint under the FAA where VSCO's claims arise from alleged violations of Terms of Use ("TOU") that mandate arbitration for all such claims?

2. Should the Court dismiss VSCO's prayer for injunctive relief for lack of standing under Rule 12(b)(1) where the Complaint fails to allege particularized harm?

3. Should the Court dismiss Counts I through V for failure to state a claim under Rule 12(b)(6) where VSCO has not sufficiently pled essential elements of those causes of action?

4. Should the Court dismiss VSCO's state law claims in Counts II−V for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if it decides to dismiss the claim asserted pursuant to the Lanham Act, 15 U.S.C. § 1125(a) ("Section 1125(a)"), thereby eliminating its sole basis for exercising federal jurisdiction?

1     **MEMORANDUM OF POINTS AND AUTHORITIES**

2     **I.    INTRODUCTION & SUMMARY OF ARGUMENT**

3          This action represents an attempt by VSCO to stifle its perceived competition by advancing

4     misguided allegations against PicsArt in a public forum.  In pursuing this cynical strategy, VSCO

5     ignores the binding arbitration clause in its own TOU and seeks to shoehorn a series of meritless

6     claims into federal court.  The Court should reject VSCO's public-relations gambit and dismiss the

7     Complaint for failure to satisfy the minimum requirements for maintaining a federal action.

8          First, the dispute raised by the Complaint falls squarely within the TOU's mandatory

9     arbitration clause, which requires the parties "to resolve any claim, dispute, or controversy

10    (excluding claims for injunctive or other equitable relief) arising out of or in connection with or

11    relating to your use of the Services or this Agreement or the breach or alleged breach thereof."

12    Declaration of David H. McGill ("McGill Decl."), Ex. 1 at "Arbitration and Governing Law" ¶ A.

13    Although this clause purports to exclude claims for equitable relief from its scope, all of VSCO's

14    claims depend upon a common nucleus of facts for which it seeks monetary damages, thereby

15    rendering the entire dispute subject to mandatory arbitration under the TOU and applicable law.

16    Moreover, under the TOU, the question of arbitrability is *itself* subject to mandatory arbitration.

17    And even if this Court were to conclude otherwise and further determine that select issues require

18    litigation, public policy and applicable law strongly support staying any litigation pending

19    arbitration over the merits of VSCO's underlying claims.

20         Second, if the Court declines to enforce the mandatory arbitration clause, it should dismiss

21    the entire Complaint for failure to state a claim pursuant to Rule 12(b)(6).  Indeed, each of VSCO's

22    claims suffers from at least one fatal defect requiring dismissal: (i) its false advertising claim under

23    Section 1125(a) fails to adequately allege falsity, deception, and materiality; (ii) its analog state-law

24    claim lacks the necessary allegations of deception and actual reliance; (iii) its breach of contract

25    claim fails to sufficiently allege actual damages; (iv) its good faith and fair dealing claim does not

26    adequately allege bad faith; and (5) its claim pursuant to California's Unfair Competition Law

27

28                                              1.

1  ("UCL"), Cal. Bus. & Prof. Code § 17200, is both duplicative of its legal claims and otherwise fails

2  to plead facts supporting the conclusion that PicsArt's conduct was unlawful, unfair, or fraudulent.

3      Finally, in the event that the Court dismisses VSCO's Section 1125(a) claim without

4  dismissing all of the remaining state-law claims on the merits, it should nonetheless dismiss any

5  surviving claims for lack of subject matter jurisdiction under Rule 12(b)(1).  Dismissal of the Section

6  1125(a) claim would deprive this Court of any basis to exercise federal jurisdiction over this dispute,

7  and the Court would no longer have cause to retain any remaining state-law claims.

8  **II.    FACTUAL BACKGROUND**

9      **A.  The Parties**

10      Plaintiff VSCO is a digital photograph editing company that develops and licenses photo

11  "presets" or "filters" to users for editing photos through VSCO's applications or "apps."  *See* Compl.

12  ¶¶ 1, 8.  VSCO's apps provide its users access to a library of filters and certain editing tools.  *Id.*

13  ¶ 9.  VSCO provides both free and subscription based services to users, who can register online or

14  by downloading one of their apps.  *Id.* ¶¶ 9–10.

15      Defendant PicsArt is a creative platform and social editing app that offers thousands of

16  editing tools and premium content, including image and video editing, collages, slideshows, drawing

17  and premium stickers.  One of the PicsArt app's many functions is to offer photo editing products

18  and services in a variety of ways, with the express goal of "starting a movement to help people 'go

19  beyond the filter' and make awesome pictures."  McGill Decl., Ex. 2.

20      PicsArt and VSCO are thus engaged in tangentially-related but differentiated businesses.

21      **B.  VSCO's Terms of Use**

22      All registered users of VSCO's applications, products, and services must agree to VSCO's

23  TOU.  *See* Compl. ¶ 10.  In its "Arbitration and Governing Law" Section, the TOU state that in any

24  dispute between VSCO and a user:

25      we each agree to resolve any claim, dispute, or controversy (excluding claims
for injunctive or other equitable relief) arising out of or in connection with or
26      relating to your use of the Services or this Agreement or the breach or alleged
breach thereof (collectively, "Claims"), by binding arbitration by the
27      American   Arbitration   Association   ("AAA")   under   the   Commercial

28

Arbitration Rules and Supplementary Procedures for Consumer Related Disputes then in effect for the AAA, except as provided herein.

McGill Decl., Ex. 1 at "Arbitration and Governing Law" ¶ A. The TOU define "Services" to include VSCO's "software, website, mobile application and online services, and any other software provided on or in connection with the VSCO services including the Software, Mobile Software, iTunes-Sourced Software, and the Beta Services." *Id.* at Introduction.  Emphasizing the broad applicability of the arbitration clause, the TOU include a disclaimer, which states: "PLEASE NOTE THAT THIS AGREEMENT CONTAINS A MANDATORY ARBITRATION OF DISPUTES PROVISION THAT REQUIRES THE USE OF ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS."  *Id.* at "Acceptance of Terms of Use" (emphasis in original).

The TOU also purport to restrict the use of VSCO products.  The TOU state that users "may not: (i) modify, disassemble, decompile or reverse engineer the Mobile Software or use the Mobile Software to develop a competing product[,]" or "sell, license, rent, modify, distribute, copy, reproduce, transmit, publicly display, publicly perform, publish, adapt, edit or create derivative works from any VSCO Content."  *Id.* at "End User License Grant", "Our Proprietary Rights."

### C.  The Complaint

The Complaint alleges that PicsArt employees created VSCO accounts for the purpose of obtaining access to and copying VSCO products.  Compl. ¶ 31.  Based on an analysis performed by its own "color scientists," VSCO claims that at least nineteen presets offered by PicsArt were "effectively identical" to VSCO filters, meaning that they were, at some point in time, similar but not identical to VSCO's offerings.  *Id.* ¶ 33.  VSCO maintains that "PicsArt could have only achieved this degree of similarity between its filters and those of VCSO by using its employees' VSCO user accounts to access the VSCO app and reverse engineer VSCO's presets."  *Id.*

In effect, VSCO alleges that PicsArt created the nineteen filters at issue largely by reverse engineering VSCO's filters and then portraying them as its own.  VSCO does not, however, allege any theft or infringement of intellectual property.  Instead, VSCO creatively contends that PicsArt engaged in false advertising under Section 1125(a) by stating on its website that its filters were

3.

"exclusive," "new," and "unique," and by referring to them as "our" products that PicsArt "created." *Id*. ¶¶ 28, 43.  More specifically, VSCO alleges the following statements on the PicsArt website and/or Facebook page to be false and misleading:

- An alleged statement on the PicsArt website announcing that it had "launched a brand new editing tool." *Id*. ¶ 15;
- Four alleged statements in PicsArt promotional materials titled "Meet The FLTRs", Parts 1−4 that refer to "our" filters and "new" filters. *Id*. ¶¶ 18–22;
- An alleged statement in a promotional article on its website titled "Bring Out The Ghosts, Ghouls and Goblins Hiding In Your Image with our Second DuoTone FLTR" which referred to PicsArt's "unique" filters. *Id*. ¶ 23;
- An alleged promotional statement on the PicsArt website referring to its "Movie FLTR" as "exclusive." *Id*. ¶ 24;
- An alleged promotional statement on the PicsArt Facebook page that referred to "our new Film School FLTRS." *Id*. ¶ 25; and
- An alleged statement in a website article titled "Shop 'Til You Drop: The PicsArt Cyber Sale is Here," in which PicsArt suggested that it had created the filters offered to its PicsArt Gold subscribers. *Id*. ¶ 26.

In short, VSCO alleges that these PicsArt filters were not "exclusive" to PicsArt or otherwise "unique" or "new," even though it concedes that they were not identical to VSCO's presets. *Id*. ¶¶ 29, 33.  Although VSCO alleges that PicsArt "removed" seventeen of the nineteen filters that VSCO identified, it apparently seeks injunctive relief based on its apparent view that two of the filters at issue remain "essentially identical" to VSCO filters and its allegation that two "new filters" were "similarly reverse engineered" from VSCO presets. *Id*. ¶ 38.

The Complaint also contains four state-law claims against VSCO for breach of contract, breach of the covenant of good faith and fair dealing, violations of the UCL, and violations of False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500. *Id*. ¶¶ 49–78.  Each of these state-law claims is premised on the same factual theory—that PicsArt reverse engineered VSCO's presets in violation of the TOU and then falsely marketed them as its own.

## III.    APPLICABLE LEGAL STANDARDS

### A.    The Federal Arbitration Act

The FAA "manifests a 'liberal federal policy favoring arbitration agreements.'"  *Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877, 879 (9th Cir. 1992) (quoting *Gilmer v.*

4.

1    *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)).  Under the FAA, a written agreement to

2    arbitrate in any "contract evidencing a transaction involving commerce...shall be valid, irrevocable,

3    and enforceable, save upon such grounds as exist at law or in equity for the revocation of any

4    contract."  9 U.S.C. § 2; *see Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018).  If a

5    party to a contract containing an arbitration clause files suit in a district court, the other party may

6    move to dismiss the action on the ground that the FAA requires arbitration clauses to be enforced.

7    *See* 9 U.S.C. § 2.

8        In the Ninth Circuit, a district court must compel arbitration where two factors are met: "(1)

9    the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to

10   arbitrate encompasses the dispute at issue."  *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320,

11   1323 (9th Cir. 2015).  In applying this standard, courts recognize the FAA's "presumption in favor

12   of arbitrability," *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998), and "all

13   doubts over the scope of an arbitration clause must be resolved in favor of arbitration."  *Republic of*

14   *Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 471 (9th Cir. 1991); *see Boston Telecomms. Grp.,*

15   *Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1049 (N.D. Cal. 2003).

16   **B. Applicable Federal Rules of Civil Procedure**

17        "[T]o survive a rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state

18   a claim to relief that is plausible on its face."  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th

19   Cir. 2017) (internal quotation marks omitted).  While courts "must accept as true the facts alleged

20   in a well-pleaded complaint, [] mere legal conclusions are not entitled to an assumption of truth."

21   *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1031 (9th Cir. 2016) (citing *Ashcroft v. Iqbal*,

22   556 U.S. 662, 678–79 (2009)).  In addition, a party alleging claims sounding in fraud "must state

23   with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  This heightened

24   requirement "includ[es] 'the who, what, when, where, and how of the misconduct charged.'"

25   *Colgate v. JUUL Labs, Inc.*, 345 F. Supp. 3d 1178, 1185 (N.D. Cal. 2018) (quoting *Vess v. Ciba-*

26   *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  "Rule 9(b)'s heightened pleading standards

27

28

1    apply to claims for violations of the…UCL [Cal. Bus. & Prof. Code § 17200]."  *Kearns v. Ford*
2    *Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009).

3         Under Federal Rule of Civil Procedure 12(b)(1), a federal court must have subject matter
4    jurisdiction to proceed.  *Lesson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th
5    Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived." (quoting *Arbaugh v. Y&H*
6    *Corp.*, 546 U.S. 500, 501 (2006) (internal quotation marks omitted)).  "Because standing and
7    mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are
8    properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."  *White v.*
9    *Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  When only state-law claims remain following the
10   dismissal of all federal-law claims in a case prior to trial, courts evaluate their continued
11   supplemental jurisdiction under Rule 12(b)(1).  *See E&B Nat. Res. Mgmt. Corp. v. Cty. of Alameda*,
12   No. 18-CV-05857-YGR, 2019 WL 1585637, at *6 (N.D. Cal. Apr. 12, 2019) (dismissing remaining
13   state-law claims under Rule 12(b)(1) after dismissing all federal claims); *Venclose Inc. v. Covidien*
14   *Holding, Inc.*, No. 16-CV-07372-EJD, 2017 WL 3335984, at *8 (N.D. Cal. Aug. 4, 2017) (same).

15   **IV.    ARGUMENT**

16        The Court should dismiss VSCO's Complaint in aid of mandatory arbitration or, in the
17   alternative, dismiss each claim for failure to state a claim and, in the case of VSCO's state-law
18   claims, for lack of subject matter jurisdiction.

19        **A.    VSCO Must Arbitrate The Dispute Raised By Its Complaint.**

20        As a threshold matter, the determination as to whether VSCO's allegations preclude
21   arbitration of any portion of the dispute is reserved for the arbitrator, not this Court.  "When the
22   parties' contract delegates the arbitrability question to an arbitrator, a court may not override the
23   contract.  In those circumstances, a court possesses no power to decide the arbitrability issue."
24   *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).  Here, the TOU require
25   arbitration under the rules of the American Arbitration Association, McGill Decl., Ex. 1 at
26   "Arbitration and Governing Law" ¶ A, and "[t]he rules of the American Arbitration Association

27

28
                                        6.

1  provide that arbitrators have the power to resolve arbitrability questions." *Henry Schein*, 139 S. Ct.

2  at 528.  For this reason alone, the entire Complaint should be dismissed in aid of arbitration.

3      Nevertheless, to the extent that the Court undertakes to resolve the question of arbitrability,

4  the TOU upon which VSCO rests its claims unambiguously require arbitration of the current dispute.

5  The TOU expressly require each party to arbitrate any dispute "arising out of or in connection with

6  or relating to" the use of its "software, website, mobile application, and online services." McGill

7  Decl., Ex. 1 at "Arbitration and Governing Law" ¶ A, Introduction (defining covered "Services").

8  And, as this Court has observed, "every court that has construed the phrase 'arising in connection

9  with' within an arbitration clause has found it to be broad, 'reaching every dispute between the

10 parties having a significant relationship to the contract and all disputes having their origin or genesis

11 in the contract.'" *Homestake Lead Co. v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131, 1138 (N.D.

12 Cal. 2003) (quoting *Simula, Inc. v. Autoliv, Inc.* 175 F.3d 716, 721 (9th Cir. 1999)); *see, e.g.*, *Prima

13 Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967) (characterizing an arbitration

14 clause for "any controversy or claim arising out of or relating to this Agreement" as broad).  This

15 includes claims sounding in tort.  *Ulbrich v. Overstock.com, Inc.*, 887 F. Supp. 2d 924, 931 (N.D.

16 Cal. 2012) ("An agreement which contains an arbitration clause covering disputes 'arising out of or

17 relating to the contract or breach thereof' encompasses tort claims having their roots in the

18 contractual relationship between the parties.").  Ultimately, to fall within the scope of an arbitration

19 clause, a plaintiff's "allegations need only touch matters covered by the contract[.]"  *Simula*, 175

20 F.3d at 721 (internal quotation marks omitted).

21     Here, there can be no serious dispute that VSCO's allegations more than "touch matters"

22 covered by the TOU—indeed, VSCO repeatedly frames the TOU as the touchstone for each of its

23 claims.  *See, e.g.*, Compl. ¶¶ 45, 50−51, 57−59, 66, 74.  And any ambiguity as to that conclusion

24 must be resolved in favor of arbitration.  *See Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d

25 1277, 1285 (9th Cir. 2009) ("[U]nder the federal presumption in favor of arbitration, an arbitrator

26 would have jurisdiction to arbitrate claims" even when the contract is ambiguous).  For this reason,

27 too, the Court should dismiss the Complaint in aid of arbitration.  *See* 9 U.S.C. § 3; *Thinket Ink Info.*

28                                        7.

*Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (approving dismissal of claims subject to mandatory arbitration under Section 3 of the FAA); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Sanchez v. Gruma Corp.*, Case No. 19-cv-00794-WHO, 2019 WL 1545186 (N.D. Cal. Apr. 9, 2019) (dismissing claims subject to mandatory arbitration); *Lewis v. UBS Fin. Servs.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (finding it "appropriate" to dismiss claims that were arbitrable); *Campos v. JPMorgan Chase Bank, NA*, Case No.18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019) (collecting cases). [1]

### 1. VSCO's pursuit of equitable relief does not necessitate litigation.

Although the TOU's mandatory arbitration clause includes a parenthetical "excluding claims for injunctive or other equitable relief" and the Complaint seeks such relief, the Court need not retain jurisdiction over any portion of the Complaint.

First, while a UCL claim can be "equitable in nature," *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1887261, at *3 (N.D. Cal. Apr. 24, 2015), asserting a UCL claim does not transform VSCO's other legal claims, which seek monetary damages, into equitable claims. Indeed, "it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief." *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); *see, e.g.*, *Netlist, Inc.,* 2015 WL 1887261 at *3 (finding it appropriate to determine plaintiffs' legal claims before addressing the UCL claim); *Drenckhahn v. Costco Wholesale Corp.*, No. 2:08-CV-01408-JHN, 2011 WL 3754659, at *1 (C.D. Cal. Aug. 24, 2011) (same). Thus, to the extent that VSCO's UCL claim can be characterized as an equitable claim,[2] VSCO would only be entitled to proceed it if the legal relief sought through its other claims is deemed inadequate. *See Mullins v. Premier Nutrition Corp.,* No. 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018). In any

---

[1] Given the unambiguous application of the TOU's arbitration clause to the present dispute, VSCO's decision to commence litigation over the present dispute should be viewed for what it is: a public-relations stunt designed to disrupt PicsArt's business operations. Indeed, PicsArt first learned of this lawsuit not through service of the complaint, but rather from a reporter at TechCrunch who VSCO apparently contacted about the case in hopes of generating media coverage.

[2] While certain courts have described UCL claims as equitable in nature, VSCO apparently disagrees with that characterization, insofar as it "demands a trial by jury on every claim for relief alleged in this Complaint." Compl. at "Demand for Jury Trial."

8.

1  event, as discussed below, because VSCO's UCL claim "relies upon the same factual predicates

2  as…plaintiff's legal causes of action," it cannot stand as an independent claim.  *In re Ford Tailgate*

3  *Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Aug. 8, 2014).  Thus, VSCO's

4  assertion of an unsustainable UCL claim, which remains in all events subordinate to its legal claims,

5  cannot overcome its binding commitment to arbitrate this dispute.

6        Second, as this Court has repeatedly observed, a prayer for injunctive relief does not

7  constitute an independent "claim" warranting litigation.  *See Castillo v. Wells Fargo Bank, N.A.*,

8  No. C-15-2353-MMC, 2015 WL 13425101, at *2 (N.D. Cal. July 17, 2015) ("[i]njunctive relief is

9  not a claim, but, rather, a remedy"); *Kennedy Funding, Inc. v. Chapman*, No. C-09-01957 RS, 2010

10  WL 2528729, at *11 (N.D. Cal. June 18, 2010) ("injunctive relief [is]  more  appropriately

11  characterized as [a] form[] of relief than [an] independent claim[]").  As such, the Complaint's

12  prayer for injunctive relief does not alter the conclusion that VSCO must arbitrate its dispute.

13        Moreover, courts regularly compel arbitration of requests for injunctive relief, even where

14  an arbitration agreement expressly excludes claims seeking equitable relief.  *See, e.g.*, *Remy*

15  *Amerique, Inc. v. Touzet Distrib.*, *S.A.R.L.*, 816 F. Supp. 213, 218 (S.D.N.Y. 1993) (rejecting

16  interpretation of arbitration agreement that would "transform[ ] arbitrable claims into nonarbitrable

17  ones depending on the form of relief prayed for").  Otherwise, "a party could frustrate any agreement

18  to arbitrate simply by the manner in which it framed its claims."  *Gore v. Alltel Commc'ns, LLC*,

19  666 F.3d 1027, 1036 (7th Cir. 2012) (internal quotation marks omitted).  This is particularly true

20  where, as here, "Plaintiff's claims are truly damages claims masquerading as claims for injunctive

21  relief."  *E. El Paso Physicians' Med. Ctr., LLC v. Aetna Health Inc.*, No. EP-16-CV-44-KC, 2017

22  WL 876313, at *4 (W.D. Tex. Mar. 2, 2017); *see Gore,* 666 F.3d at 1036 ("Whether a particular

23  claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of

24  the claim to the subject matter of the arbitration clause." (internal quotation marks omitted)); *Harvey*

25  *v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000) ("Our inquiry is not guided by the legal labels attached

26  to the plaintiffs' claims; rather, it is guided by the factual allegations underlying those claims.").

27  Thus, VSCO's prayer for injunctive relief does not require litigation for any aspect of this dispute.

28

9.

1

### 2.  VSCO lacks standing to seek injunctive relief.

2    Even assuming VSCO had a credible basis to litigate its prayer for injunctive relief, it lacks

3    standing to do so in light of its failure to allege facts sufficient to demonstrate particularized harm

4    warranting an injunction.  It is well established that a plaintiff "bears the burden of showing that he

5    has standing for each type of relief sought," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009),

6    and depending on the circumstances, a "plaintiff may have standing to pursue damages but not

7    injunctive relief[.]"  *Kenseth v. Dean Health Plan*, 722 F.3d 869, 890 (7th Cir. 2013).  In the Ninth

8    Circuit, courts apply the test set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) to

9    evaluate standing to pursue injunctive relief.  *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007)

10    ("The standing formulation for a plaintiff seeking prospective injunctive relief is simply one

11    implementation of *Lujan's* requirements.").  Under *Lujan,* among other minimum requirements, a

12    plaintiff must establish "a concrete and particularized legal harm."  *Id.*

13    The Complaint fails to satisfy this basic prerequisite.  Indeed, the **only** allegations of harm

14    in the Complaint appear in the boilerplate recitation of legal elements for VSCO's claims.  These

15    threadbare allegations are universally conclusory.  *See, e.g.*, Compl. ¶ 48 (alleging, without factual

16    support, "significant injury and irreparable harm in the form of lost customers, damaged goodwill,

17    and consumer deception"); ¶ 53 ("VSCO has been injured and sustained damages in an amount to

18    be determined at trial"); ¶ 61 (same); ¶ 69 ("VSCO has suffered . . . injury in fact and actual damages

19    and irreparable harm"); ¶ 78 (similar).  Conclusory allegations of this sort carry no weight at all,

20    much less the weight sufficient to confer VSCO with standing to pursue injunctive relief.  *See, e.g.*,

21    *Native Am. Arts, Inc. v. Specialty Merch. Corp.*, 451 F. Supp. 2d 1080, 1082 (C.D. Cal. 2006)

22    (Plaintiff's "conclusory allegations that refer to 'competitive injury,' 'advertising injury,' and 'other

23    damages'…do not establish the injury-in-fact requirement of standing."); *Escobar v. Brewer*, 461

24    F. App'x 535, 535–36 (9th Cir. 2011) ("Mere conclusory allegations are not enough to establish the

25    'concrete and particularized' injury required for standing under Article III."); *see also Iqbal*, 556

26    U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

27    statements, do not suffice"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)

28

10.

1    (Courts do not accept "allegations that are merely conclusory, unwarranted deductions of fact, or

2    unreasonable inferences"). Thus, even if a prayer for injunctive relief could suffice to override the

3    TOU's mandatory arbitration clause, the Complaint's failure to articulate any particularized harm

4    deprives VSCO of any standing to pursue that relief here.  The Court should therefore compel

5    arbitration of the entire dispute.

6    **3.  At a minimum, the Court should stay any discrete issues requiring litigation.**

7    Even if this Court were to determine that VSCO has standing to pursue its prayer for

8    injunctive relief, the law favors staying any litigation pending arbitration of the underlying merits

9    of VSCO's claims.  *See Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 298 (2010)

10   ("Where…parties concede that they have agreed to arbitrate *some* matters pursuant to an arbitration

11   clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the

12   scope of arbitral issues should be resolved in favor of arbitration" (emphasis in original) (internal

13   quotation marks omitted)).   Allowing VSCO to litigate any portion of this dispute while

14   simultaneously arbitrating its claims for monetary damages would needlessly drain judicial

15   resources and introduce a risk of inconsistent results.  For precisely this reason, district courts have

16   discretion to "stay the proceedings in the interest of saving time and effort for itself and litigants."

17   *Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1130–31 (N.D. Cal. 2018).  Staying any

18   required litigation of discrete issues pending arbitration would be especially sensible here, given

19   that "[a] plaintiff seeking equitable relief in California must establish that there is no adequate

20   remedy at law available."  *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448,

21   at *16 (N.D. Cal. July 7, 2015).  Accordingly, at a minimum, the Court should exercise its discretion

22   to stay any discrete issues requiring litigation pending arbitration of the dispute raised by the

23   Complaint.  *See e.g., Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C15-00509-CRB, 2015 WL

24   1544244, at *2 (N.D. Cal. Apr. 2, 2015) (citing the FAA and the interests of judicial efficiency in

25   staying litigation pending arbitration); *Gray v. Conseco, Inc.*, No. SA-CV-00-322-DOC (EEX),

26   2000 WL 1480273, at *8 (C.D. Cal. Sept. 29, 2000) (staying litigation where "[t]he non-arbitrable

27   claim is based on exactly the same facts and issues as the arbitrable claims").

28

**B.   VSCO's Complaint Should Be Dismissed For Failure To State A Claim Pursuant To Rule 12(b)(6).**

In the event that this Court deems the current dispute appropriate for litigation, it should nonetheless dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6).

**1.   VSCO's false advertising claims warrant dismissal for failure to plead false, material, deceptive, or damaging statements.**

VSCO asserts two substantially similar claims alleging that PicsArt engaged in false advertising.  First, it asserts a claim under Section 1125(a) (Count I) alleging that PicsArt represented its "Gold" subscription service and attendant filters as "exclusive" despite creating those filters by reverse engineering VSCO products.  *See* Compl. ¶¶ 42−45.  Second, it brings a FAL claim based on substantially identical allegations.  *See id.* ¶¶ 70−78.  Both claims include allegations of fraud and must therefore meet the heightened pleading standard of Rule 9(b).  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").[3]  Because VSCO fails to plead essential elements of these causes of action— including falsity, deception, and materiality—the Complaint fails to satisfy even the basic Rule 8 pleading standard, let alone Rule 9(b)'s heightened standards for claims sounding in fraud.

**a.  VSCO's Section 1125(a) claim (Count I) warrants dismissal.**

VSCO fails to allege facts sufficient to support a Section 1125(a) claim.  To state a claim for false advertising under Section 1125(a), a plaintiff must plead facts establishing:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

---

[3] Although there is a split of authority in the Ninth Circuit on Rule 9(b)'s application to false advertising claims, "the better reasoned authority is that, where a Section 1125(a) claim is predicated on the theory that the defendant engaged in a knowing and intentional misrepresentation, then Rule 9(b) is applicable." *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908 (N.D. Cal. 2018). So, too, with claims under the FAL, Cal. Bus. & Prof. Code § 17500. *See id.* at 910; *Transfresh Corp. v. Ganzerla & Assoc.*, 862 F. Supp. 2d 1009, 1018 (N.D. Cal. 2012).

12.

1   *SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 982 (N.D. Cal. 2008) (quoting

2   *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).  The Complaint

3   fails to satisfy these pleading standards in myriad ways.

4        VSCO alleges that PicsArt made false and misleading statements in announcing that it

5   "launched a brand new editing tool" and "new filters" that were "unique" and "exclusive" to PicsArt

6   and "only for Gold users."  Compl. ¶¶ 16, 18, 20, 23–24, 28.  The Complaint also focuses heavily

7   on statements PicsArt made about "our" filters, *id.* ¶¶ 19–23, 25–26, and further alleges that PicsArt

8   acted deceptively in stating:  "We went ahead and created the perfect combination for each feeling,

9   from nostalgically vintage to trendy millennial.  Set your mood with our constantly-growing

10  selection of image FLTRs," *id.* ¶¶ 27–28.  None of these alleged statements is actionable under

11  Section 1125(a) as a matter of law.

12       First, all of statements attributed to PicsArt in the Complaint are, at most, classic "puffery"

13  and therefore immune from Section 1125(a) liability.  "Puffery consists of statements that are

14  'extremely unlikely to induce consumer reliance.'"  *DocMagic, Inc. v. Ellie Mae, Inc.*, 745

15  F. Supp. 2d 1119, 1142 (N.D. Cal. 2010) (quoting *Newcal Indus. v. Ikon Office Solution*, 513 F.3d

16  1038, 1053 (9th Cir. 2008)).  The Ninth Circuit has advised that "consumer reliance will be induced

17  by specific rather than general assertions."  *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*,

18  911 F.2d 242, 246 (9th Cir. 1990).  Like the claims of "flexibility" and "low-cost" services at issue

19  in *Newcal*, PicsArt's claims of offering "new," "exclusive," and "unique" filters are "not a

20  quantifiable claim and do[] not describe (or misdescribe) any specific or absolute characteristic of"

21  the defendant's service.  *See Newcal Indus.*, 513 F.3d at 1052–53.  Indeed, the Ninth Circuit has

22  previously held that a claim of "a 'unique' system with 'unprecedented' results is non-actionable

23  puffery because it is a 'general, subjective claim,' rather than a statement about 'specific or absolute

24  characteristics.'"  *Appliance Recycling Ctrs. of Am., Inc. v. JACO Envtl., Inc.*, 378 Fed. App'x 652,

25

26

27

28

654 (9th Cir. 2010).  Thus, the alleged statements here are simply too general to actually mislead consumers about the nature of PicsArt's products.[4]

Second, VSCO has failed to adequately plead that PicsArt's statements were actually false. To state a false advertising claim under Section 1125(a), "a plaintiff must prove either literal falsity or consumer confusion."  *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993); *see Southland Sod Farms*, 108 F.3d at 1139.  Here, VSCO alleges that eight PicsArt statements on its website were false and misleading: a statement on its website that PicsArt had "launched a brand new editing tool," Compl. ¶ 15; four statements on its website promotional materials titled "Meet The FLTRs, Parts 1−4 that referring to "our" filters and "new" filters, *id.* ¶¶ 18−22; one statement in a promotional article on its website titled "Bring Out The Ghosts, Ghouls and Goblins Hiding In Your Image with our Second DuoToe FLTR" which referred to PicsArt's "unique" filters, *id.* ¶ 23; one website promotional statement regarding referring to its "Movie FLTR" as "exclusive," *id.* ¶ 24; one PicsArt Facebook page promotional statement that referred to "our new Film School FLTRS," *id.* ¶ 25; and one statement in a website article titled "Shop 'Til You Drop: The PicsArt Cyber Sale is Here" which states that it created "a new frontier" for its PicsArt Gold subscribers, *id.* ¶ 26.

None of these statements are literally false or misleading.  VSCO itself admits that PicsArt was not directly selling VSCO products; it merely alleges that PicsArt reverse engineered VSCO presets and offered ***non-identical*** filters to consumers under different names.  *See id.* ¶ 33.  Even crediting VSCO's allegations as true, the statements attributed to PicsArt are literally true and not misleading to a reasonable consumer.  Indeed, as alleged, (i) PicsArt's offerings were in fact "new" to PicsArt in that they had not been offered by PicsArt before; (ii) they do in fact belong to PicsArt and thus could be fairly described as "our" products; and (iii) its filters were made "exclusive" to PicsArt Gold users, even if they strongly resemble VSCO products.

For similar reasons, VSCO has failed to establish the required element of deception.  A reasonable consumer would understand the aforementioned adjectives to refer to PicsArt's

---

[4]  For avoidance of doubt, "[d]istrict courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Cook*, 911 F.2d at 245.

14.

1   statements about its own offerings and not to be a reflection on the origin of these filters or VSCO's

2   purported role in creating similar "presets."  Indeed, there is nothing confusing about stating that a

3   product is "new," "ours" or "exclusive" to PicsArt Gold members, even if it closely resembles

4   another company's product sold under a different name and with slightly different features.

5        Nor has VSCO alleged facts sufficient to establish the materiality of any purported false

6   statements.  A false statement becomes material when "it is likely to influence the purchasing

7   decision."  *Southland Sod Farms*, 108 F.3d at 1139.  Yet courts have found that consumers would

8   ***not*** be swayed by statements relating to a product's origin or creation.  *See Appliance Recycling*

9   *Ctrs. of Am.*, 378 Fed. App'x at 655 ("a mere claim to have designed or pioneered the method or

10  that the method was [defendant's] could not have been material").  Moreover, as explained above,

11  VSCO's allegations of false statements must meet the heightened Rule 9(b) particularity standard.

12  Fed. R. Civ. P 9(b); *see 23andMe*, 356 F. Supp. 3d at 908, 910.  Here, VSCO merely alleges that

13  "PicsArt's false and misleading representations…are material and likely to affect consumers'

14  purchasing decisions because they concern the quality or characteristics of PicsArt's competitive

15  photo editing app and, on information and belief, were made for the purpose of convincing

16  prospective consumers to obtain a PicsArt Gold membership."  Compl. ¶ 46.  VSCO makes no

17  particular allegation of how statements about PicsArt's "new" or "exclusive" filters actually

18  influenced or would be likely to influence a consumer's purchasing decision, and its allegation about

19  PicsArt's intent is both conclusory and irrelevant.  VSCO's boilerplate materiality allegations thus

20  fail under *Iqbal* and otherwise fall short of meeting Rule 9(b)'s heightened pleading requirements.

21  *See* 556 U.S. 662.

22      Finally, VSCO also fails to allege the requisite harm for false advertising claims.  VSCO

23  contends that PicsArt's alleged advertising has and continues to cause "significant injury and

24  irreparable harm in the form of lost customers, damaged goodwill, and consumer deception."

25  Compl. ¶ 48.  But these allegations lack the particularity required under Rule 9(b) and do not even

26  meet Rule 8's lower standard.  *See LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-CV-07274-

27  MMC, 2019 WL 1170779, at *2 (N.D. Cal. Mar. 13, 2019) (allegations that plaintiff "suffered lost

28

15.

revenue and market share, reduced asset value, and increased advertising costs" and "damage to its 'business, reputation, and goodwill'" were conclusory and "fail[ed] to sufficiently plead injury"). For all these reasons, the Court should dismiss Plaintiff's Section 1125(a) claim.

### b. VSCO's state-law false advertising claim (Count IV) should be dismissed.

VSCO's state-law false advertising claim likewise fails.  California's FAL makes it:

> unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature …to make…any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

Cal. Bus & Prof. Code § 17500.  "The standard for establishing a violation of the [FAL] is the 'reasonable consumer' test, which requires a plaintiff to 'show that members of the public are likely to be deceived' by the business practice or advertising at issue."  *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1130 (N.D. Cal. 2013).  In addition, a plaintiff asserting claims under the FAL must show "actual reliance."  *See Phillips v. Apple Inc.*, Case No.15-CV-04879-LHK, 2016 WL 5846992, at *6 (N.D. Cal. Oct. 6, 2016) (citing *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 887–89 (Cal. 2011)).  This element requires proof "that the plaintiff suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations."  *Tun v. Wells Fargo Dealer Servs., Inc.*, 5 Cal. App. 5th 309, 330–31 (Cal. Ct. App. 2016).

VSCO's FAL claim should be dismissed for three reasons.  First, as detailed above, PicsArt's statements are not false or misleading on their face.  Second, for substantially the same reasons as articulated in response to the Section 1125(a) claim, PicsArt's statements are not likely to deceive a reasonable consumer because they are reasonably interpreted as referring only to PicsArt's offerings and not to any other competitor, and because they are puffery as a matter of law.  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (applying puffery in the context of an FAL claim); *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1093 (N.D. Cal. 2017) (same).

Third, VSCO has failed to plead—and indeed cannot show—actual reliance.  VSCO is not a consumer of PicsArt products and services and thus cannot claim that its damages were causally

16.

1    related to deceptive promotional statements by PicsArt.  *See Ferrari v. Mercedes Benz USA, LLC*,

2    Case No. 17-CV-00018-YGR, 2019 WL 2103438, at *4–*5 (N.D. Cal. May 14, 2019) (granting

3    motion to dismiss FAL claim where "plaintiffs have not alleged that any one of them purchased a

4    Genuine Part" from defendants because, without that allegation, plaintiffs had not established

5    reliance and causation).  Indeed, VSCO specifically bases its FAL claim on deception of alleged

6    *consumers*, asserting that "PicsArt knew or should have known" . . . "that such statements are false

7    and would mislead consumers into believing that PicsArt had created the filters, that they were not

8    available anywhere other than PicsArt, and that consumers could only access the filters through a

9    PicsArt Gold membership." Compl. ¶ 73.  Since VSCO makes no allegation that VSCO itself relied

10   on PicsArt's representations, it cannot recover under California's consumer protection statutes.

11        **2.  VSCO's breach of contract claim (Count II) fails to adequately allege damages.**

12        VSCO's claim for breach of contract warrants dismissal for failure to allege appreciable or

13   actual damages.  In California, a breach of contract claim has four elements: "the contract, plaintiffs'

14   performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff

15   therefrom."  *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011) (quoting

16   *Gautier v. General Tel. Co.,* 234 Cal.App.2d 302, 305 (Cal.Ct.App.1965)) (internal quotation marks

17   omitted).  "An allegation of actual damage as a result of the alleged contractual breach is a

18   requirement for a prima facie breach of contract claim under California law."  *Rudgayzer v. Yahoo!*

19   *Inc.*, No. 5:12-CV-01399-EJD, 2012 WL 5471149, at *6 (N.D. Cal. Nov. 9, 2012).   And to

20   adequately plead breach of contract "requires a showing of appreciable and actual damage."

21   *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000).

22        Here, VSCO merely alleges—in wholly conclusory fashion—that "[a]s a direct and

23   proximate result of PicsArt's breach of the Agreement, VSCO has been injured and sustained

24   damages." Compl. ¶ 53.  Like the plaintiffs in *In re Facebook Privacy Litigation*, VSCO has only

25   vaguely alleged that it "suffered injury" and has "fail[ed] to allege any actual damages."  791

26   F. Supp. 2d at 717.  Nowhere in the Complaint does VSCO allege that it suffered any real damage

27   as a result of PicsArt's alleged breach of contract.  Because VSCO has failed to "plead with any

28

17.

1    particularity the damages arising from the alleged breach of contract," its breach of contract claim

2    should be dismissed.  *See Belluomini v. Citigroup, Inc.*, No. 13-CV-01743-CRB, 2013 WL 3855589,

3    at *4 (N.D. Cal. July 24, 2013) (dismissing breach of contract claim for failure to allege damages

4    related to defendants' actions).

5          **3.  VSCO's good faith and fair dealing claim (Count III) fails to allege bad faith.**

6          VSCO's claim for breach of the implied covenant of good faith and fair dealing should be

7    dismissed because, even assuming PicsArt breached the TOU, VSCO has not properly alleged any

8    bad faith assurances or conduct in connection with PicsArt's contractual performance.

9          Although California law provides that "every contract imposes upon each party a duty of

10   good faith and fair dealing in its performance and its enforcement[,]" *Jonathan Neil & Assocs., Inc.*

11   *v. Jones*, 33 Cal. 4th 917, 937 (Cal. 2004), this implied covenant "cannot impose substantive duties

12   beyond those incorporated in the specific terms of a contract," *Raisin Bargaining Ass'n v. Hartford*

13   *Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1087 (E.D. Cal. 2010).  The "implied covenant of good faith

14   and fair dealing is a contractual relationship and does not give rise to an independent duty of care"

15   but instead is "limited to assuring compliance with the express terms of the contract, and cannot be

16   extended to create obligations not contemplated by the contract."  *Ragland v. U.S. Bank Nat'l Assn.*,

17   209 Cal. App. 4th 182, 206 (Cal. Ct. App. 2012) (internal quotations omitted).

18         "A claim for breach of the implied covenant of good faith and fair dealing requires the same

19   elements as a claim for breach of contract," with one exception.  *Curley v. Wells Fargo & Co.*, Case

20   No. 13-cv-03805 NC, 2014 WL 988618, at *5 (N.D. Cal. Mar. 10, 2014).  Rather than show breach

21   of contractual duty, "the plaintiff must show, in essence, that the defendant deprived the plaintiff of

22   a benefit conferred by the contract in violation of the parties' expectations at the time of

23   contracting," *id.*, and "that the defendant acted in bad faith to frustrate the contract's benefits,"

24   *Celador Int'l Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 852 (C.D. Cal. 2004).

25         Count III warrants dismissal because VSCO has not pled any facts supporting PicsArt's bad

26   faith performance under the TOU.  Even if VSCO could prove that PicsArt engaged in the form of

27   reverse-engineering of VSCO presets in violation of the TOU, VSCO makes no separate allegation

28                                         18.

of how PicsArt did so in such a manner as to deny VSCO its bargained-for benefits.  Instead, VSCO contends that the covenant of good faith and fair dealing was breached by "falsely promoting filters that PicsArt copied and/or reverse engineered from VSCO's app as having been 'created' by PicsArt." Compl. ¶ 59.  But PicsArt's promotional efforts are entirely unrelated to the TOU or any alleged contractual duties.  As such, VSCO cannot show any separate benefit of the contract that it was denied due to PicsArt's alleged bad faith.

Having failed to allege a separate benefit, VSCO's good faith and fair dealing claim collapses into its claims for breach of contract and false advertising and cannot stand as an independent cause of action.  Accordingly, Count III should be dismissed.

### 4. VSCO's unfair competition claim (Count IV) is redundant of its legal claims and fails to allege that PicsArt's conduct was unlawful, unfair, or fraudulent.

At the outset, VSCO's UCL claim should be dismissed as duplicative of its legal claims. "[C]ourts in the Northern District have routinely dismissed equitable claims brought under the UCL… on the pleadings—including claims for restitution—where the plaintiff fails to establish that there is no adequate remedy at law available." *Mullins,* 2018 WL 510139, at *2; *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (A plaintiff may only seek equitable relief under California's UCL where she has no adequate remedy at law).  When, as here, the plaintiff's equitable claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *3.  Where an equitable claim appears alongside claims seeking remedy at law, dismissal at the pleading stage is appropriate.  *See Durkee v. Ford Motor Co.*, No. C 14-0617-PJH, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) (dismissing UCL claim at motion to dismiss stage because plaintiffs had "an adequate remedy at law); *Rhynes v. Stryker Corp.,* No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing.  Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.").  Because VSCO's UCL claim relies on the same factual allegations as its claims

19.

1    seeking monetary damages, the Court should dismiss the UCL claim with prejudice.  *Rhynes*, 2011

2    WL 2149095, at *4.

3        The Complaint fails to state a UCL claim in light of VSCO's inability to allege essential

4    elements of that cause of action.  The UCL prohibits "any unlawful, unfair or fraudulent business

5    act or practice."  Cal. Bus. & Prof. Code § 17200.  "Unlawful" business practices "'borrows'

6    violations of other laws and makes them independently actionable as unfair competitive practices."

7    *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1093 (Cal. Ct. App. 2007) (internal quotation

8    marks omitted).  In UCL claims between competitors, unfair "means conduct that threatens an

9    incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because

10   its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens

11   or harms competition."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 544 (Cal.

12   1999).  Fraud "may be shown if members of the public are likely to be deceived" and, if based on

13   nondisclosure, requires a duty to disclose.  *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594,

14   613–14 (Cal. App. Ct. 2014) (internal quotation marks omitted).

15       UCL claims also require "actual reliance."  *Id.* at 614.  This Court has "concluded that

16   Plaintiffs must allege their own reliance on the alleged misrepresentations, rather than the reliance

17   of third parties."  *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 866−67 (N.D. Cal.

18   2015).  In interpreting the UCL, courts have emphasized that the law was designed to provide greater

19   protection for consumers.  *See Progressive W. Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263,

20   286-87 (Cal. App. Ct. 2005); *see also Zhang v. Superior Court*, 304 P.3d 163, 174 (Cal. 2013)

21   (noting that a broader definition of the "unfair" prong applies in consumer actions).

22       VSCO's UCL claim fails to satisfy these standards.  As discussed above, VSCO has not

23   adequately alleged any unlawful acts committed by PicsArt under Section 1125(a) or California's

24   FAL; its false advertising claims fail to state a claim and thus cannot serve as a basis for its UCL

25   claim.  *See* Compl. ¶ 66.  Further, its allegations do not satisfy the "unfair" prong, as VSCO makes

26   no claim that PicsArt engaged in any antitrust or other anti-competitive conduct.  And VSCO does

27   not adequately allege any fraudulent conduct by PicsArt because, for the reasons stated above, it

28                                        20.

1   fails to establish that there was a likelihood the public would be deceived or that VSCO itself

2   actually relied on any allegedly false representations made by PicsArt.  Because the Complaint fails

3   to plead facts to support liability under the UCL, the Court should dismiss Count IV.

4   **C.  If The Court Dismisses The Section 1125(a) Claim (Count I), It Should Remand The
     Complaint To State Court For Lack Of Subject Matter Jurisdiction.**

5

6   Once stripped of VSCO's deficient Section 1125(a) claim, the Complaint consists entirely

7   of state-law causes of action between two California parties.  Although "[i]t is generally within a

8   district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to

9   remand them to state court[,]…it is generally preferable for a district court to remand remaining

10  pendent claims to state court."  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

11  It would not make sense to expend the resources of a federal court on these remaining state-law

12  causes of action, especially when, as here, those state-law causes are subject to arbitration.  Whether

13  they belong in arbitration or in state court, any surviving state claims certainly do not belong in

14  federal court without the jurisdictional hook of a Section 1125(a) claim.

15  This case presents the precise situation analyzed by the Supreme Court in *Carnegie-Mellon*

16  *University v. Cohill*, in which the complaint stated one federal-law claim and several state-law

17  claims "derived from the same nucleus of operative fact as the federal-law claim."  484 U.S. 343,

18  350–51 (1988).  After dismissing the single federal-law claim, "the District Court had a powerful

19  reason to choose not to continue to exercise jurisdiction."  *Id.* at 351.  When only state-law claims

20  remain before trial, "the balance of factors to be considered under the pendent jurisdiction

21  doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

22  exercise jurisdiction over the remaining state-law claims."  *Id.* at 350 n.7.  As there is no particular

23  countervailing interest at issue here, in the event the Court dismisses the Section 1125(a) claim, it

24  should remand the state-law claims.

25

26

27

28

21.

1

**V.    CONCLUSION**

2

For the reasons set forth above, PicsArt respectfully requests that this Court dismiss the

3

Complaint and enter an order mandating arbitration of the entire dispute.  In the alternative, PicsArt

4

respectfully requests that the Court dismiss all counts for failure to state a claim or remand the

5

remaining counts to state court for lack of subject matter jurisdiction.

6

                                                    Respectfully submitted,

7

                                                    KOBRE & KIM LLP

8

                                                    /s/ David H. McGill

9

10

                                                    David H. McGill (admitted *pro hac vice*)
                                                    KOBRE & KIM LLP

11                                                  800 Third Avenue
                                                    New York, New York 10022

12                                                  Tel: +1 212 488 1214
                                                    Fax: +1 212 488 1231

13                                                  david.mcgill@kobrekim.com

14

                                                    Daniel Zaheer (Bar ID 237118)

15                                                  KOBRE & KIM LLP
                                                    150 California Street, 19th Floor

16                                                  San Francisco, California 94111
                                                    Tel. +1 415 582 4751

17                                                  Fax: +1 415 582 4811

18                                                  daniel.zaheer@kobrekim.com

19

20                                                  *Attorneys for Defendant PicsArt, Inc.*

21

22

23

24

25

26

27

28

                                    22.